LITTLE
ROCK,
Jan'y 1838.

HALDER-
MAN
*vs.*
FRISBIE

## HALDERMAN *against* FRISBIE.

ERROR *to Independence Circuit Court.*

Where the terms of a Court are changed by law, and no provision is made for the causes then pending in such court to have day and be tried at the term fixed by law, those cases are not discontinued.

The same court still existing, the mere fact of changing the time of holding its terms, works no discontinuance.

The opinion given in this case clearly presents all the facts therein. It is therefore not necessary that it should be here stated.

WALKER and HAGGARD, for the plaintiff in error, relied upon the case of *Bennett* vs. *Engles,* decided in this court at July term, 1837, *Ante* p.

RINGO, *Chief Justice,* delivered the opinion of the Court: This is an action of debt, commenced in the Independence Circuit Court, returnable to the May term, 1834. At that term the defendant appeared and filed a general demurrer to the declaration, to which the plaintiff joined issue, and judgment was thereupon given for the defendant. The plaintiff then, by leave of the court, amended his declaration, and the cause was continued generally to the next term. At the November term, 1834, the Circuit Court, on motion of the defendant, decided that the cause was discontinued by operation of law, and dismissed the same. To correct that decision this writ of error has been prosecuted.

One question only is presented by the record and assignment of error, for the decision of this court; that is, " did the court below err in dismissing the case on the ground that it was discontinued by operation of law?" When this suit was commenced, the Independence Circuit Court was required by law to be held on the Second Mondays in May and November. See *Act of the Legislature of* 1829. *Pamphlet* page 22. By an act of the Legislature, approved the 5th day of November, 1833, which took effect on the first day of November, 1834, the time of holding said court was changed from the SECOND to the THIRD Mondays in May and November, without any declaration that the suits and proceedings then pending in the court, should be continued therein, or be tried and decided by said court, at the terms thereof to be held at the times prescribed by the act of

1833. For the omission of such declaration, it was held by the court below, that all suits and cases pending therein when the act of 1833 took effect, were discontinued by operation of law. To this conclusion we cannot yield our assent. The causes were properly in court, and stood continued by the order of the court or the operation of law, until the succeeding term, and the time when that term should be held, could make no difference as to the question of a discontinuance. If the same court existed, the mere fact that the times of holding the terms of the court were changed by law, would not, of itself, operate as a discontinuance.

This question was first brought before the Superior Court of the late Territory of Arkansas, at the January term, 1835, in the case of *Boswell, amd'r.* vs. *Newton*, and was then fully examined and decided, and the decision of the Circuit Court corrected and reversed.

The same question was again brought before this court, at the July term, 1837, in the case of *Noah Bennett, administrator of James Bennett, deceased,* vs. *Henry A. Engles, administrator of Henry Curran, deceased,* and the principles declared in the case of *Boswell, adm'r.* vs. *Newton*, reviewed and confirmed.

The principle established by the cases abovementioned, is considered as too clear and too well settled to require further argument or illustration.

The judgment of the Circuit Court, dismissing this cause from the docket, must be reversed and set aside, with costs, and the case remanded to the court from whence it came, to be proceeded in according to law.